Peter J. HEINZ, Jr.

v.

**LEHIGH VALLEY RAILROAD COMPANY.**

**Civ. A. No. 70–2429.**

United States District Court, E. D. Pennsylvania.

June 26, 1972.

Lawrence E. Grant, Philadelphia, Pa., for plaintiff.

Joseph Neff Ewing, Jr., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is an F.E.L.A. case. Liability was admitted by defendant. The jury awarded plaintiff damages in the amount of $13,510. "The verdict was,

in the opinion of the plaintiff, grossly inadequate." (Plaintiff's brief, p. 1) Plaintiff, therefore, seeks a new trial, assigning as grounds the court's instructions relating to causation.

■ Since this is an F.E.L.A. case, plaintiff is entitled to recover all damages caused in whole or in part by defendant's negligence. 45 U.S.C. § 51; Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). In the charge, the court instructed the jury that "plaintiff is entitled to recover only for the injuries and damages and expenses sustained as a proximate result of the occurrence . . . ." (Transcript 4–120)

■ Plaintiff took no exception to the charge and he, therefore, may complain of the charge (Rule 51,[1] F.R.Civ. P.) only if it contains fundamental error. Sowizarl v. Hughes, 333 F.2d 829, 836 (3d Cir. 1964); and see McNello v. John B. Kelly, Inc., 283 F.2d 96 (3d Cir. 1960). It was *counsel for defendant* who brought the "proximate result" language to the court's attention, whereupon the court further instructed the jury, as follows:

"Members of the jury, I used the expression that the plaintiff is entitled to recover for injuries and consequences proximately resulting from the accident. I didn't even attempt to define it for you, so just disregard that statement and substitute in its place, for any injuries and harm caused in whole or in part by the defendant's fault. I misstated that before, but I didn't explain to you what the other phrase meant, so you are not going to be confused." (Transcript 4–133)

Again plaintiff's counsel remained silent.

■ In my view, since the phrase "proximate result" had never been defined in any other terms, the additional instruction gave the jury the only definition and left no doubt in the jury's mind that it was to compensate the plaintiff "for any injuries and harm caused in whole or in part by the defendant's fault." Ely v. Reading Co., 424 F.2d 758 (3d Cir. 1970); and see Domeracki v. Gulf Oil Corp., 202 F. Supp. 89 (E.D.Pa.1962). The argument advanced, belatedly, by plaintiff's counsel concerning error in the charge is completely unpersuasive.

■ It is apparent that plaintiff's only complaint with this trial is his disappointment in the size of the verdict. The issues as to the seriousness of plaintiff's injuries and the duration of his disability were sharply, but fairly, contested by the parties. In the final analysis their resolution became largely a matter of credibility. Plaintiff's counsel acknowledged as much in his closing speech [2] when he, in effect, told the jury to award a very small amount to plaintiff if they believed plaintiff and his wife were not being truthful. It is clear that the jury resolved the matter of credibility against the plaintiff. The verdict in the amount of $13,510 is a fair and adequate award for what the jury undoubtedly determined to be the credible consequences of the accident.

---

1. Rule 51 provides, in part:
  ". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection . . . ."

2. Counsel did not order transcription of the closing speeches, consequently the characterization of counsel's closing argument is based solely on the court's recollection.